FILED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA** 09 MAR 20 PM 2:30
**FORT WAYNE DIVISION**

STEPHEN R. LUDWIG, CLERK
U.S. DISTRICT COURT
FOR THE NORTHERN DISTRICT
OF INDIANA

| | |
|---|---|
| **ANNIE OAKLEY ENTERPRISES, INC., and** )<br>**RENEE GABET; and** )<br>Plaintiffs )<br> )<br> )<br>**v.** )<br> )<br> )<br>**SUNSET TAN CORPORATE &** )<br>**CONSULTING, LLC;** )<br>**DEVIN HAMAN; and** )<br>**JEFF "BOZZ" BOZIGIAN** )<br>Defendants )<br>_____) | CASE NO. **11 09 C V 07 2** JVB<br><br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR TRADEMARK
### INFRINGEMENT AND RELATED CLAIMS

For their Complaint against Defendants Sunset Tan Corporate & Consulting, LLC; Devin

Haman; and Jeff "Bozz" Bozigian (collectively "Defendants"), Plaintiffs Renee Gabet and Annie

Oakley Enterprises, Inc. (collectively "Plaintiffs"), by counsel, state and allege as follows:

### NATURE OF ACTION, JURISDICTION, AND VENUE

1. This is an action for trademark infringement, trademark dilution, false designation

of origin, declaratory relief, unfair competition, interference with prospective business

advantage, and unjust enrichment arising under, *inter alia*, the Lanham Act, 15 U.S.C. §§ 1051,

*et seq.*; the Declaratory Judgment Act, 28 U.S.C. § 2201(a); and state common law.

2. This Court has subject matter jurisdiction over the matter pursuant to 28 U.S.C.

§§ 1331 and 1338 and 15 U.S.C. § 1121. In addition, jurisdiction exists under 28 U.S.C. § 1332.

The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§

1367(a) and 1338(b).

3.     Venue is proper under, *inter alia*, 28 U.S.C. §§ 1391 and 1400 in that, on information and belief, a substantial part of the events giving rise to this action occurred in this judicial district, and Defendants or their agent(s) are subject to personal jurisdiction in the district.

4.     This Court may exercise personal jurisdiction over the Defendants because of Defendants' systematic contacts with, and purposeful availment of, this forum. Specifically, and without limitation, Defendants sell, offer for sale, and market the subject infringing goods in this judicial district directly, through their Web sites, including http://www.sunsettan.com, and via product placement on their reality television series, which is shown nationally on a cable television and direct broadcast satellite channel. Additionally, Defendants have completed their franchise registration process and are offering franchise opportunities in Indiana.

## THE PARTIES

5.     Plaintiff Renee Gabet ("Gabet") is an individual residing in Noble County, Indiana, within this judicial district.

6.     Plaintiff Annie Oakley, Inc. ("Annie Oakley") is a corporation duly organized and existing under the laws of the State of Indiana and has its principal place of business in Noble County, Indiana, within this judicial district. Plaintiff Gabet owns all of the shares and exercises control over Annie Oakley.

7.     Defendant Sunset Tan Corporate & Consulting, LLC ("Sunset Tan"), upon information and belief, is organized under the laws of the State of California and has its principal place of business at 10390 Santa Monica Boulevard, Suite 310, Los Angeles, California 90025.

8.     Defendants Devin Haman ("Haman") and Jeff "Bozz" Bozigian ("Bozigian") are individuals who, upon information and belief, manage, control, and own Sunset Tan, and have a business address at 9701 Wilshire Boulevard, 10th Floor, Beverly Hills, California 90212.

## FACTUAL ALLEGATIONS

9.     Plaintiff Annie Oakley was founded by Plaintiff Gabet in 1980 and creates, markets, and sells of a full line of fragrances and bath and body products for women and men.

10.     Oakley Enterprise's line of products includes a hand and body cream, a bath and shower gel, and a body spray bearing the trademark SUNSET ("the SUNSET Mark"). Photographs from Oakley Enterprise's http://www.annieoakley.com web site of certain of these products are attached hereto as Exhibit A.

11.     Plaintiff Gabet is the owner of all right, title, and interest in United States Trademark Registration No. 2,547,492, in International Class 3, for the SUNSET Mark in connection with body powders; bath gels; soaps for skin, face, body, and bath; and body lotions (hereinafter "the Skin Care Registration").

12.     Plaintiff Gabet also is the owner of all right, title, and interest in United States Trademark Registration No. 2,024,708, in International Class 3, for the SUNSET Mark in connection with cologne (hereinafter "the Fragrance Registration").

13.     Both the Skin Care Registration and the Fragrance Registration have become incontestable pursuant to § 15 of the Lanham act, 15 U.S.C. § 1065.

14.     A true and correct copy of the United States Patent and Trademark Office's Trademark Electronic Search System record of the two aforementioned federal trademark registrations and their listings on the Principal Register is attached hereto as Exhibit B. The Skin

Care Registration and the Fragrance Registration are hereinafter collectively referred to as "the Registrations."

15. The Registrations are *prima facie* evidence of the validity of the Registrations, Plaintiff Gabet's ownership of the SUNSET Mark, and Gabet's exclusive right to use the SUNSET Mark in commerce in connection with the goods specified in the Registrations. The Registrations are also constructive notice of Gabet's ownership of the SUNSET Mark.

16. Annie Oakley is the only entity authorized by Gabet to use the SUNSET Mark. Gabet exercises control over the quality of the products sold by Annie Oakley bearing the SUNSET Mark by virtue of the fact that she is the sole owner of Annie Oakley and exercises control over Annie Oakley. Annie Oakley use of the SUNSET Mark inures to the benefit of Gabet.

17. Plaintiffs have been using the SUNSET Mark in commerce in connection with fragrances since 1994 and in connection with skin care products since 2001 and have developed a national customer base.

18. The SUNSET Mark has become widely recognized for high quality skin care and fragrance products and has developed extensive good will. The SUNSET Mark is associated with Plaintiffs as an indication of origin of high quality skin care and fragrance products and the SUNSET Mark is a highly valuable asset of Plaintiffs.

19. Defendants are in the business of offering indoor tanning services and related products and services. The E! television channel broadcasts a reality series entitled "Sunset Tan" which is based on the goings-on at the Defendants' salons.

20. On information and belief, each Defendant is the agent, servant, employee, principal, successor, alter ego, and/or partner of each other Defendant, acting within the course

and scope of such capacities and with the permission and consent of each other in doing the acts and engaging in the conduct alleged herein.

21.     On information and belief, Defendants Haman and Bozigian, in their management and control of Defendant Sunset Tan, have acted and are acting in concert with each other and with Sunset Tan to directly commit or to assist the wrongful activities alleged herein.

22.     On information and belief, Defendants have manufactured, copied, reproduced, sold, offered for sale, publicly displayed, distributed, and/or imported products which infringe the SUNSET Mark since 2003. Attached hereto as Exhibit C are photographs, copied directly from the Defendants' http://www.sunsettan.com Web site, of certain of these infringing products, which are offered and sold under the marks LA SUNSET TAN and/or SUNSET TAN.

23.     On June 18, 2007, Defendant Sunset Tan filed United States Trademark Application Serial No. 77/208,388 (the "SUNSET TAN Application") seeking to register the mark SUNSET TAN in connection with the following products in International Class 3 ("IC 3"): sun care lotions, sun tan lotion, sun-block lotions, sun-tan creams and sun-tanning preparations. Defendant Sunset Tan has disclaimed the descriptive word "tan" in the Application.

24.     The SUNSET TAN Application was refused registration in IC 3 under Section 2(d) of the Lanham Act, 15 U.S.C § 1052(d), because the examining attorney believed the SUNSET TAN mark so resembles Plaintiff Gabet's SUNSET Mark identified in the Skin Care Registration that Defendants' use of the SUNSET TAN mark is likely to cause confusion, mistake, or to deceive.

25.     Defendants attempted to overcome the trademark examiner's refusal by presenting arguments that there was no likelihood of confusion. These arguments failed and the examiner maintained the refusal to register.

26. Defendants subsequently contacted Plaintiffs with the desire of obtaining a license from Plaintiffs to use the SUNSET TAN mark. The parties engaged in preliminary discussions, but no license was agreed upon or executed. Defendants nevertheless continued to use the SUNSET TAN and LA SUNSET TAN marks.

27. Defendants are not, and never have been, authorized by Plaintiffs to use the SUNSET Mark or any mark confusingly similar to the SUNSET Mark, including the SUNSET TAN and LA SUNSET TAN marks.

28. Defendant Sunset Tan filed a Petition for Cancellation falsely claiming that Plaintiff Gabet has abandoned her Skin Care Registration. That Cancellation action (No. 92049867) is currently pending before the USPTO's Trademark Trial and Appeal Board.

29. The use by Defendants of the SUNSET TAN and/or LA SUNSET TAN marks in connection with skin care products is likely to cause confusion and to deceive the public into believing that Defendants are affiliated or connected with, or are authorized or endorsed by, Plaintiffs.

30. Defendants have actual knowledge of and are willfully infringing Plaintiffs' rights in the SUNSET Mark, as evidenced by their use of LA SUNSET TAN and/or SUNSET TAN marks after the trademark examiner twice found that their use is likely to cause confusion with Plaintiffs' SUNSET Mark and without obtaining a license from Gabet.

31. As a result of the aforesaid acts of Defendants, Plaintiffs have suffered and continue to suffer substantial damages and irreparable injury.

32. Plaintiffs have no adequate remedy at law and, unless Defendants are restrained and enjoined by this Court, said acts will continue to cause damage and irreparable injury to Plaintiffs and to their goodwill and business reputation.

33.     Plaintiffs cannot ascertain the precise amount of their damages at this time.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

34.     The preceding allegations are incorporated herein by reference.

35.     Notwithstanding Plaintiffs' right, title, and interest in connection with the

SUNSET Mark and the associated goodwill, Defendants have continued to sell and offer for sale

confusingly-similar goods with actual and/or constructive knowledge and/or reckless disregard

of Plaintiffs' rights.

36.     On information and belief, Defendants have purposefully and willfully used the

SUNSET TAN and/or LA SUNSET TAN marks to confuse the public into believing their

products were or are endorsed by or connected to Plaintiffs, and/or to misappropriate Plaintiffs'

registered SUNSET TAN Mark through their use of the Internet and through their selling of

goods in interstate commerce.

37.     Defendants' use of the infringing SUNSET TAN and/or LA SUNSET TAN

marks in selling and advertising their skin care products is likely to cause confusion, mistake,

and deception among consumers as to the source, affiliation, connection, association, origin, or

approval of the goods and falsely suggest a sponsorship, connection, license, affiliation or

association between Plaintiffs and Defendants, in violation of Lanham Act § 32, 15 U.S.C. §

1114.

38.     Defendants' continued use of their infringing marks has injured Plaintiffs, and if

permitted to continue, will further injure Plaintiffs by damaging their reputation and causing

additional monetary damages.

39.    Defendants' continued and knowing use of their infringing marks, or their reckless disregard, constitutes willful and/or intentional infringement and unfair competition, and this case is therefore exceptional under the Lanham Act.

40.    Plaintiffs have no adequate remedy at law and, if Defendants are not enjoined, Plaintiffs will suffer substantial irreparable harm and injury to their goodwill and reputation.

41.    Plaintiffs cannot ascertain the precise amount of their damages at this time, but they are entitled to recovery of monetary damages, including, but not limited to, actual damages, treble damages, reasonable attorneys' fees, and costs; Plaintiffs are also entitled to recovery of Defendants' ill-gotten profit.

## COUNT II
## FEDERAL TRADEMARK DILUTION

42.    Plaintiffs repeat and incorporate by reference the preceding allegations as if set forth fully herein.

43.    Plaintiffs' SUNSET Mark is "famous" within the meaning of 15 U.S.C. § 1125(c)(1) and was so famous prior to Defendants' wrongful conduct alleged herein.

44.    Defendants' use in commerce of the infringing goods dilutes the distinctive quality of Plaintiffs' SUNSET Mark and was done with willful intent or to otherwise trade on Plaintiffs' reputation and thereby caused the dilution of Plaintiffs' SUNSET Mark.

45.    Defendants acted in knowing and willful violation, or in reckless disregard, of Plaintiffs' rights under 15 U.S.C. § 1125(c).

46.    Plaintiffs have no adequate remedy at law and, if Defendants are not enjoined, then Plaintiffs will suffer irreparable harm and injury to their goodwill and reputation.

47.    Plaintiffs cannot ascertain the precise amount of their damages at this time, but they are entitled to recovery of monetary damages, including, but not limited to, actual damages,

treble damages, reasonable attorneys' fees, and costs; Plaintiffs are also entitled to recover Defendants' ill-gotten profits.

## COUNT III
## FALSE DESIGNATION OF ORIGIN
## AND UNFAIR COMPETITION

48.     Plaintiffs repeat and incorporate by reference the preceding allegations as if set forth fully herein.

49.     Defendants' actions in adopting, marketing, reproducing, publicly displaying, selling, offering to sell, and/or distributing infringing versions of the SUNSET Mark in interstate commerce without Plaintiff's consent constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) and has caused, and continues to cause, a substantial effect on interstate commerce in that a likelihood of confusion, mistake, and deception exists in the minds of the consuming public as to the source, sponsorship, affiliation, and/or connection of Defendants' infringing goods.

50.     By reason of the foregoing, Plaintiffs have been injured in an amount to be proven. In addition, as a result of Defendants' unlawful acts, Plaintiffs have suffered and will continue to suffer irreparable harm, and Plaintiffs have no adequate remedy at law with respect to this injury. Unless the acts of Defendants are enjoined by the Court, Plaintiffs will continue to suffer such harm.

51.     Defendants' actions have been knowing, intentional, wanton, and willful, or done with reckless disregard of Plaintiffs' rights, entitling Plaintiffs to damages, treble damages, ill-gotten profits, reasonable attorneys' fees, statutory damages, and the costs of this action.

## COUNT IV
## DECLARATORY JUDGEMENT

52. Plaintiffs repeat and incorporate by reference the preceding allegations as if set forth fully herein.

53. Plaintiffs allege that a substantial controversy has arisen with Defendants relating to rights under the marks at issue and that the parties to the instant case have adverse legal interests to each other in determining which party has the exclusive rights to the use of the word SUNSET in connection with skin care products.

54. Plaintiffs further allege that the controversy is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. Accordingly, Plaintiffs request a declaration: (a) that Plaintiffs have sole right, title, and interest in connection with the SUNSET Mark; (b) that Plaintiff Gabet has not abandoned her Skin Care and Fragrance Registrations; (c) that Defendants have no right to use the SUNSET TAN or LA SUNSET TAN marks in association with the sale of skin care products, including, but not limited to, sun-care lotions, sun-tan lotions, sun-block lotions, and sun-tan creams; and (d) that Defendants have no right to register, at the federal or state level, the word SUNSET as a trademark in connection with skin care products, including, but not limited to, sun-care lotions, sun-tan lotions, sun-block lotions, and sun-tan creams.

## COUNT V
## COMMON LAW UNFAIR COMPETITION

55. Plaintiffs repeat and incorporate by reference the preceding allegations as if set forth fully herein.

56.     Plaintiffs is informed and believes, and thereon alleges, that Defendants have been passing off their goods and services as those of Plaintiffs, and have been using Plaintiffs' intellectual property to promote their own goods and services.

57.     Plaintiffs allege that they have thereby sustained damage to their reputation, goodwill, and sales, in an amount to be proven at trial.

## COUNT VI
## INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

58.     Plaintiffs repeat and incorporate by reference the preceding allegations as if set forth fully herein.

59.     At all times relevant to the actions complained of herein, there existed economic relationships between Plaintiffs and third parties containing the probability of future economic benefit to Plaintiffs.

60.     Defendants had knowledge of the existence of the aforementioned economic relationships.

61.     Defendants' actions complained of herein were committed intentionally, designed to disrupt the aforementioned economic relationships, and actual disruption of the economic relationships has occurred.

62.     Plaintiffs have been damaged by Defendants' unlawful acts in an amount to be proven at trial.

63.     The aforementioned acts of Defendants were willful and malicious; therefore, Plaintiffs are entitled to punitive damages.

## COUNT VII
## UNJUST ENRICHMENT

64.     Plaintiffs repeat and incorporate by reference the preceding allegations as if set forth fully herein.

65.     Defendants' acts of misappropriation and their illegal use of Plaintiffs' intellectual property rights and the valuable goodwill associated with the rights, at virtually no cost to them, have resulted in Defendants being unjustly enriched at Plaintiffs' expense.

66.     Plaintiffs have invested significantly in the advertisement, promotion, and building of goodwill related to their aforementioned intellectual property.

67.     Plaintiffs are therefore entitled to restitution of all ill-gotten profits related to the aforementioned intellectual property rights that have been misappropriated by Defendants.

## PRAYER FOR RELIEF

WHERERFORE, Plaintiffs Renee Gabet and Annie Oakley Enterprises, Inc., pray for the entry of a judgment from this Court:

(1)     that Defendants and their officers, agents, servants, employees, licensees, assignees, transferees, successors, attorneys, and those persons in active concert or participation with them who receive actual notice of the Court's order, be preliminarily and permanently enjoined from:

    (a)     using the SUNSET Mark or any variation of the word "SUNSET," specifically including, but not limited to, any term that includes "SUNSET" or a misspelling of "SUNSET," in connection with the promotion, marketing, advertising, and/or sales of skin care products, including body lotions; body powders; bath gels; soaps for skin, face, body, and bath; and fragrances;

(b)      using the Mark or any variation of the word "SUNSET," specifically including, but not limited to, any term that includes "SUNSET" or a misspelling of "SUNSET," for services, on the Internet, as domain names or meta tags, or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship, or affiliation of Defendants;

(c)      diluting, blurring, passing off, or falsely designating the origin of the SUNSET Mark and from further injuring Plaintiffs' goodwill and reputation;

(d)      engaging in unfair methods of competition with Plaintiffs;

(e)      doing any other act or thing likely to induce the belief that Defendants' businesses, services, or products are in any way connected with, sponsored, affiliated, licensed, or endorsed by Plaintiffs;

(2)      preliminary and permanently ordering and directing Defendants to take any and all action necessary to remove any and all of Defendants' references to the SUNSET Mark or any variation of the word "SUNSET," specifically including, but not limited to, any term that includes "SUNSET" or a misspelling of "SUNSET," in connection with their promotion, marketing, advertising, and/or sales of skin care products, including sun care lotions, sun tan lotion, sun-block lotions, sun-tan creams and sun-tanning preparations;

(3)      that Defendants, in accordance with 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon Plaintiffs, within thirty days after service of the permanent injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the permanent injunction;

(4)      awarding Plaintiffs, in accordance with 15 U.S.C. § 1117, three times their actual damages sustained as a result of Defendants' willful wrongful actions, including the

infringement of federally-registered trademarks, infringement of common law rights, false designation of origin, trademark dilution, and employing unfair methods of competing with Plaintiffs;

(5)     awarding Plaintiffs interest, costs, and reasonable attorneys' fees incurred in connection with this action;

(6)     declaring that: (a) Plaintiffs have sole right, title, and interest in connection with the SUNSET Mark; (b) Plaintiff Gabet has not abandoned her Skin Care and Fragrance Registrations or the SUNSET Mark; (c) Defendants have no right to use the SUNSET TAN or LA SUNSET TAN marks in association with the sale of skin care products, including, but not limited to, sun-care lotions, sun-tan lotions, sun-block lotions, and sun-tan creams; (d) Defendants have no right to register, at the federal or state level, the word SUNSET as a trademark in connection with skin care products, including, but not limited to, sun-care lotions, sun-tan lotions, sun-block lotions, and sun-tan creams; and

(7)     awarding Plaintiffs such other and further relief as this Court may deem to be just.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby make demand for a trial by jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure, as to all issues in this lawsuit.

Dated: March 2⁰, 2009.

Respectfully submitted,

By:

George Pappas
Pappas Law Offices
919 S. Harrison Street
Suite 300
Fort Wayne, IN 46802
(260) 426-2340
Fax:   (260) 426-2223
gp@pappaspto.com

Paul B. Overhauser
Constance R. Lindman
OVERHAUSER LAW OFFICES, LLC
737 W. Green Meadows Drive, Suite 300
Greenfield, IN 46140
(317) 891-1500
Fax: (866) 283-8549
poverhauser@overhauser.com
crlindman@overhauser.com

| Exhibit A | Photographs of certain of Plaintiffs' products bearing the trademark SUNSET |
| Exhibit B | USPTO TESS database record of Plaintiff Gabet's federal trademark registrations |
| Exhibit C | Photographs of certain of Defendants' products bearing infringing mark |

# Exhibit A





# Exhibit B



Trademark Electronic Search System (TESS) - Microsoft Internet Explorer

Address http://tess2.uspto.gov/bin/showField?f=doc&state=4003:sv12ed.3.1

United States Patent and Trademark Office

Home Site Index Search FAQ Glossary Guides Contacts eBusiness eBiz alerts News Help

## Trademarks > Trademark Electronic Search System (TESS)

TESS was last updated on Tue Mar 10 04:06:01 EDT 2009

Logout Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

( Use the "Back" button of the Internet Browser to return to TESS)

### Typed Drawing

| | |
|---|---|
| Word Mark | SUNSET |
| Goods and Services | IC 003. US 001 004 006 050 051 052. G & S: body powders, bath gels, soaps for skin, face, body, and bath, and body lotions. FIRST USE: 20010615. FIRST USE IN COMMERCE: 20010615 |
| Mark Drawing Code | (1) TYPED DRAWING |
| Serial Number | 76217811 |
| Filing Date | December 23, 1996 |
| Current Filing Basis | 1A |
| Original Filing Basis | 1B |
| Published for Opposition | January 26, 1999 |
| Registration Number | 2547492 |
| Registration Date | March 12, 2002 |
| Owner | (REGISTRANT) Gabet, Renee A. INDIVIDUAL UNITED STATES P.O. Box 172 Ligonier INDIANA 46767 |
| Attorney of Record | GEORGE PAPPAS ESQ |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Affidavit Text | SECT 15. SECT 8 (6-YR). |
| Live/Dead Indicator | LIVE |



Trademark Electronic Search System (TESS) - Microsoft Internet Explorer

Address http://tess2.uspto.gov/bin/showField?f=doc&state=4003:sv12ed.6.1

United States Patent and Trademark Office

Home Site Index Search FAQ Glossary Guides Contacts eBusiness eBiz alerts News Help

## Trademarks > Trademark Electronic Search System (TESS)

TESS was last updated on Tue Mar 10 04:06:01 EDT 2009

Logout Please logout when you are done to release system resources allocated for you.

## Record 1 out of 1

( Use the "Back" button of the Internet Browser to return to TESS)

### Typed Drawing

| | |
|---|---|
| Word Mark | SUNSET |
| Goods and Services | IC 003. US 001 004 006 050 051 052. G & S: cologne. FIRST USE: 19940100. FIRST USE IN COMMERCE: 19940100 |
| Mark Drawing Code | (1) TYPED DRAWING |
| Serial Number | 74802837 |
| Filing Date | August 4, 1993 |
| Current Filing Basis | 1A |
| Original Filing Basis | 1B |
| Published for Opposition | January 3, 1995 |
| Registration Number | 2024788 |
| Registration Date | December 17, 1996 |
| Owner | (REGISTRANT) GABET, RENEE A. INDIVIDUAL UNITED STATES 805 JOHNSON STREET LIGONIER INDIANA 46767 |
| Attorney of Record | GEORGE PAPPAS |
| Type of Mark | TRADEMARK |
| Register | PRINCIPAL |
| Affidavit Text | SECT 15. SECT 8 (6-YR). SECTION 8(10-YR) 20070103 |
| Renewal | 1ST RENEWAL 20070103 |
| Live/Dead Indicator | LIVE |

# Exhibit C





